## Huntingdon County, Appellant, *v.* Mason.

*Appeals—Interlocutory order—Quashing appeal—Issue on appeal from county auditor.*

Where the court of common pleas makes absolute a rule to strike off an issue on an appeal from the report of county auditors " upon payment by the county within thirty days of the costs " which have accrued upon the appeal, and in the event of the refusal or neglect to the county to pay the costs that the rule be discharged, and the county takes an appeal without waiting for the thirty days to expire, such appeal is from an interlocutory order and will be quashed.

Argued Nov. 8, 1901.   Appeal, No. 220, Oct. T., 1901, by defendant, from order of C. P. Huntingdon Co., May T., 1900, No. 11, on rule to strike off issue, on appeal from county auditor, in case of Huntingdon County v. Robert Mason, C. K. Horton and George W. Taylor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Appeal from county auditors.
Rule to strike off issue.

*Error assigned* was the order of the court, quoting the opinion of the Superior Court.

*L. H. Beers* and *T. F. Bailey*, for appellant.

*James S. Woods* and *K. Allen Lovell*, with them *W. H. Woods*, for appellees.—No appeal can be taken from a judgment or decree which is not a final disposition of the matter in controversy : Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354 ; Phila. & Reading R. R. Co. v. Snowdon, 161 Pa. 201 ; Barclay v. Col-

well, 4 W. N. C. 440 ; Hall's App., 56 Pa. 238 ; Penna. Steel Co.'s App., 161 Pa. 571 ; Royer v. Tate, 1 P. & W. 227 ; Stultz-foos's App., 3 P. & W. 265.

PER CURIAM, July 10, 1902:

The defendants appealed from the report of the county auditors surcharging them. The court thereupon awarded an issue between them and the county " to be tried without further pleadings, to determine whether they . . . . or any of them should be surcharged with the sum of $94.24 . . . . or any part thereof as found by the said auditors."

The county solicitor made no objection to the form of the issue, but, according to the defendants sworn allegation, agreed to it. After the issue had been on the trial list four times and had been continued twice by the consent of the parties, and a large amount of costs had accrued, the county obtained a rule to show cause why the issue should not be struck off. So far as the record shows, this was the first time that objection was raised by the county or its solicitor to the awarding of the issue or its form. After hearing, the court made the rule absolute, " upon payment by the county of Huntingdon within thirty days of the costs which have accrued upon it. In the event of the refusal or neglect of the county to pay the costs then it is ordered that the rule be discharged." Without waiting for the thirty days to expire the county took the present appeal, thus in effect refusing to comply with the condition upon which the rule was to be made absolute. The case, therefore, is in the same situation as if the rule to strike off the issue had been discharged in the first instance. The issue is pending and untried. Clearly, the appeal is from an interlocutory order, and must be quashed for that reason.

The appeal is quashed.